UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPIRIT LAUNDROMAT, INC. D/B/A<br>SPIRIT CLEANERS LAUNDROMAT | CIVIL ACTION |
| VERSUS | NO: 07-6112 |
| ALLSTATE INSURANCE COMPANY | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Spirit Laundromat, Inc.'s motion to remand the case to the 24th Judicial Court for the Parish of Jefferson, State of Louisiana, is **DENIED.**  (Document #3.)

### I. BACKGROUND

Allstate Insurance Company (Allstate) issued a commercial insurance policy to Spirit Laundromat, Inc. d/b/a Spirit Cleaners Laundromat (Spirit).  As a result of Hurricane Katrina, Spirit sustained wind and rain damage and the loss of contents because of looting.  Spirit submitted a claim for $75,342.38.

After attempts by counsel for Spirit to settle the claim, Spirit filed a petition for damages in the 24th Judicial Court for the Parish of Jefferson, State of Louisiana.  Spirit alleges that Allstate breached its contract and that its failure to pay the claim timely was arbitrary and capricious, in violation of La. Rev. State. 22:658 and La. Rev. Stat. 22:1220.  Spirit seeks

damages, penalties, costs and attorney's fees.

Allstate removed the case to federal court, asserting diversity jurisdiction. Spirit filed a motion to remand the case to state court on grounds that the jurisdictional threshold of $75,000 is not met.

## II. BACKGROUND

### A. Legal standard

"District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is diversity between all parties." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). Under Louisiana law, a plaintiff is prohibited, except in circumstances not relevant here, from alleging a specific dollar amount of damages. Grant v. Chevron Phillips Chemical Co., L.P., 309 F.3d 864, 868 (5th Cir. 2002). The plaintiff may recover an award in damages more than he demands. Id. at 869. In such situations, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. at 868. "The removing party may satisfy this burden in either of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit, that support a finding of the requisite amount." Id. "The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional threshold]." Id.

> Thus, if a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional

>   threshold, that Louisiana case will then resemble any other amount-in-controversy
>   case, bringing into play the foundational rule of removal jurisdiction:  The
>   plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty"
>   that the amount in controversy does not exceed $75,000.  [T]his is not a burden-
>   shifting exercise; rather, the plaintiff must make all information known at the time
>   he files the complaint.

Id. at 869 (internal quotations omitted).

The court's jurisdiction is fixed as of the time of removal.  Doddy v. Oxy USA, Inc., 100 F.3d 448, 456 (5th Cir. 1996); 28 U.S.C. § 1447(c).  In Louisiana cases, "the federal district court's jurisdictional-amount calculus must include attorney's fees when an applicable Louisiana statute allows the award of such fees.  Id.

**B.  Amount in controversy**

Spirit contends that Allstate has not carried its burden of establishing that the amount in controversy exceeds $75,000.  Spirit argues that Allstate has made payments under the policy, and the only outstanding claim is for $48,000 for loss of contents.

In the removal petition, Allstate accepts that the contractual amount of the claim is $48,000.   However, Allstate contends that the threshold is met because Spirit also seeks attorney's fees and penalties under 22:1220 and 22:658.

La. Rev. Stat. 22:658 provides for penalties up to 50% of the damage amount owed or $1,000, whichever is greater, for arbitrary or capricious failure to pay within 30 days; and La. Rev. Stat. 22:1220 provides for penalties up to two times the additional damages sustained or $5,000, whichever is greater.  However, under 22:1220, a plaintiff must show proof of actual damages arising from the breach in order to recover more than $5,000.  See Matter of Hannover

Case 2:07-cv-06112-MVL-DEK   Document 9   Filed 03/25/08   Page 4 of 4

Corp. of America, 67 F.3d 70, 75 (5th Cir. 1995).

There is a close relationship between the conduct described in La. Rev. Stat. 22:658 and 22:1220.  See Dixon v. First Premium Ins. Group, 934 So.2d 134, 143 (La. Ct. App. 2006). "Where La. Rev. Stat 22:1220 provides the greater penalty, it supersedes La. Rev. Stat. 22:658, such that the insured cannot recover penalties under both statutes.  However, because La. Rev. Stat. 22:1220 does not provide for attorney fees, the insured is entitled to recover the greater penalties under its provisions and attorney fees under La. Rev. Stat. 22:658 for its insurer's arbitrary or capricious failure to timely pay his claim after receiving satisfactory proof of loss." Id.

Spirit does not allege an amount or type of damages, if any, that it has sustained for Allstate's breach.  Therefore, the most that can be attributed to a breach under 22:1220 for purposes of this motion is $5,000.  Alternatively, if Spirit could show that Allstate arbitrarily or capriciously failed to pay within 30 days of satisfactory proof of loss, Spirit may be entitled to $24,000 under 22:658.  Further, although Spirit can recover under only one penalty statute, it could be entitled to attorney's fees under 22:1220.

In view of the allegations of a claim of $48,000, penalties of $24,000, and attorney's fees, it is facially apparent from the petition that the claim likely exceeds $75,000.  Accordingly, Allstate has carried its burden of establishing diversity jurisdiction, and the motion to remand the case to state court is denied.

New Orleans, Louisiana, this  25th  day of March, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

4